1:15-CV-0409   

Exhibit A

Description of Complaint

1. Plaintiff alleges Novelis has implemented an illegal and highly sophisticated employment management system designed to manipulate the entire employment machinery. Plaintiff was diagnosed in 2009 with major depression disorder and general anxiety disorder. One of the most traumatic ways these disorders manifest themselves is through an intense swallowing-disorder. Plaintiff's swallowing disorder reaches its peak during air travel flights, public restaurants or public eating areas, or any public setting or situation in which eating or drinking could occur or is taking place. Plaintiff cannot swallow his own saliva on flights, resulting in Plaintiff holding saliva in his mouth for hours at a time or until it can be appropriately disposed. Plaintiff experiences extreme difficulty eating and drinking during public meals, resulting in Plaintiff sneaking food in his pockets to be consumed in private, including, but not limited to, inside public restroom stalls if accessible. Plaintiff experienced panic attacks during each and nearly every, if not every, flight and business meal between December 2010 and August 2013. Plaintiff experienced daily headaches, fatigue, and lack of sleep during employment with Novelis; averaging 3-5 hours of sleep per night during employment period. Plaintiff alleges when Novelis management learned of Plaintiff's disability, management tasked Plaintiff with malicious assignments and a territory in which contained the longest air travel durations, and more frequent entertainment of customers through business meals. Plaintiff was subjected to offensive, sexual name-calling from co-workers; including, but not limited to, "Deep Throat", and other inappropriate and uncomfortable sexual references to Plaintiff's disability. Plaintiff alleges to have information of additional employees in which the Defendant has, and/or continues to discriminate against on the basis of gender, religion, race, age and/or disability.

2. Plaintiff alleges an ADA violation occurred from not only Defendant's failure to accommodate, but also from a bias against Plaintiff on the fact of his disability.

3. Plaintiff was hired in December 2010 by a Novelis joint-venture company, Evermore Recycling, in which was managed by long-tenured Novelis & Alcoa managers, and all employees of Evermore Recycling were directed to Novelis's HR and Payroll systems, per the terms of the Evermore Recycling joint-venture agreement with Alcoa.

4. Shortly after being hired, Plaintiff informed Defendant's appropriate management of a purported disability in Jan/Feb of 2011. From this meeting with management forward, in which Plaintiff informed Defendant of a purported disability for the first time, Defendant was agitated that Plaintiff had slipped through Defendant's discriminatory hiring practices, and took steps to intentionally further exacerbate Plaintiff's swallowing disorder in an effort to torture Plaintiff into quitting. Plaintiff did not quit, rather became a

1 of 7

top performer within the company while concurrently managing severe and worsening swallowing issues. Plaintiff alleges the discrimination against him on the fact of his disability continued through all 4 of Plaintiff's direct managers throughout employment period, and continued through the dissolution of the employment agreement with Alcoa in August 2012 until Plaintiff was terminated on 8/16/13.

5. Plaintiff alleges Defendant created a biased internal and external work environment against him within the industry on the fact of his disability as evidenced by at least 9 disparaging email communications from Plaintiff's management and co-workers from January 2013 - August 2013, as well as at least 3.5 hours of recorded phone conversations with Evermore Recycling, Alcoa and Coca-Cola management in which Plaintiff has obtained post-employment in which Plaintiff's former manager admits to not granting Plaintiff's request for reasonable accommodation on multiple occasions, as well as admitting the Plaintiff was asked to travel more than any other buyer despite being informed of Plaintiff's disability on many occasions. Plaintiff alleges the Defendant has intentionally limited professional opportunities within the industry on the basis of Plaintiff's disability. Plaintiff has recorded phone conversation with relevant management in which describes a photo being taken of Plaintiff standing beside the Coca-Cola bear mascot at an industry event in Orlando, FL. Plaintiff was unaware a photo was being taken of him. The caller describes how this photo was used in business negotiations and discussions in early April 2013.

6. Plaintiff's request for reasonable accommodation was denied on multiple and numerous occasions between Jan/Feb 2011 – 4/25/13, and denied at least 7-9 occasions between 4/26/13 – 8/16/13, with the final discriminatory act being committed when Defendant terminated Plaintiff on 8/16/13.

7. Plaintiff alleges his work performance was being manipulated and sabotaged by Chris Anderson. Plaintiff alleges on numerous and multiple occasions Chris Anderson directed Plaintiff to purchase material at prices above Plaintiff's recommendation, prevented highly beneficial and highly profitable deals from occurring, intentionally manipulating reporting systems resulting in intentional overpayments of Plaintiff's commercial accounts, and other methods to intentionally discriminate against Plaintiff on the basis of his disability and further create bias in Plaintiff's work environment. Sabotaged business accounts include, but are not limited to, Alter Metal Recycling, Metal Recycling Corporation, and Schupan Recycling.

8. The Plaintiff and Plaintiff's wife became friends with Mr. McKee in early 2011. Mr. McKee served as a groomsman in Plaintiff's wedding in September 2012. In April 2013, Mr. McKee was promoted to Plaintiff's manager. From this point forward, Plaintiff had dual-reporting responsibilities. Plaintiff was

Description of Complaint

directed to report to Andy McKee for Non-UBC scrap metal purchases, and report to Chris Anderson for UBC scrap purchases.

9. Plaintiff alleges on 2 occasions between September 2012 and May 2013, Andy McKee, whom was promoted to Plaintiff's manager in April 2013, made a suggestion and reference to his girlfriend and Plaintiff's wife engaging in a sexual relationship. Plaintiff quickly declined Mr. McKee's suggestion on each occasion. Plaintiff became suspicious of an inappropriate relationship between Andy McKee's girlfriend and Plaintiff's wife due to comments made by Plaintiff's wife to Plaintiff in private discussions, combined with Mr. McKee's parallel inappropriate comments.

10. Plaintiff alleges Chris Anderson delayed Plaintiff's agreed upon relocation to Atlanta, GA in January 2013. During a one-on-one meeting with Chris Anderson in January 2013, Chris Anderson asks Plaintiff to delay and extend his relocation timeframe to Atlanta by an unknown amount of time.

11. On 4/26/13, Plaintiff formally reported details and challenges of his disability and other employment related concerns to HR, which included, but is not limited to, Plaintiff's concerns his manager, Chris Anderson, was sabotaging Plaintiff's work-performance as evidenced by a text message from the day prior, Plaintiff's friend and former groomsman, Andy McKee, becoming his work manager, and concerns over Chris Anderson delaying Plaintiff's relocation to ATL. This action by the Plaintiff caught Defendant by surprise because it was the first time Plaintiff had formally reported his disability to Human Resources in the years of intentional torture, bias and performance sabotage Plaintiff had endured.

12. Defendant's management retaliated against Plaintiff by ramping up it's torture of Plaintiff by tasking him with doing more of what Plaintiff sought relief from because Plaintiff did not use the exact phrasing "reasonable accommodation" in his multiple requests for accommodation, leading Defendant to believe Plaintiff was still unaware of how ADA laws applied to his disability, and therefore continued it's plan to torture Plaintiff while taking advantage of Plaintiff's naivety towards ADA laws. Plaintiff described his worsening disability to HR, Chris Anderson and Andy McKee numerous times throughout the Spring/Summer of 2013. Plaintiff reported to Chris Anderson and Andy McKee on separate and multiple occasions that the PIP was not allowing sufficient time for marital counseling sessions, and the PIP was not allowing any time whatsoever for treatment of Plaintiff's worsening swallowing disorder or major depression disorder treatment.

13. Plaintiff alleges Defendant did not follow it's own policy and procedures in it's handling of information obtained from Plaintiff's meeting with HR on 4/26/13. Plaintiff alleges in a follow-up meeting on 5/16/13 that resulted from the aforementioned HR meeting, Chris Anderson presented a

3 of 7

Description of Complaint

Performance Improvement Plan ("PIP") in which required Plaintiff to do more of the very functions Plaintiff had sought relief from, and asked the Plaintiff to sign. The PIP would require Plaintiff to travel much more frequently and visit many more business accounts than any other buyer. Chris Anderson also presented a document authored by HR Manager Polina Zlatev in which contained untrue statements regarding Plaintiff's relocation terms, and falsified dates. Plaintiff refused to sign the HR document, which resulted in Chris Anderson removing the signature page from the document. Plaintiff has original document with falsified date and untrue statements in possession. Plaintiff completed dozens of flights while traveling up to 80%-90% and visited over 100 business accounts as a result of the PIP.

14. Plaintiff did not quit. Plaintiff made further strides in re-gaining lost business and new business in the Spring & Summer of 2013, resulting in Plaintiff being relieved and removed of responsibility by Chris Anderson from any account in which Plaintiff was making beneficial strides towards positive work performance. Plaintiff's complaints to management and HR regarding his personal health were ignored throughout the summer of 2013. Plaintiff alleges to have heard of co-workers being told false information by Chris Anderson regarding Plaintiff's job performance. Plaintiff's weight had escalated to the highest in his lifetime, at 230 lbs. in August 2013 as a result of how Plaintiff was forced to adapt his eating patterns to the Defendants torture tactics.

15. Plaintiff alleges Chris Anderson, on at least 3 occasions, during one-on-one discussions with Plaintiff, would repeatedly mention and reference a couple that routinely "perform" sexual acts from the window in the building next to Novelis's, and that Novelis workers often gathered around to watch and cheer them on. Plaintiff, on each and every occasion, expressed his distaste for such behavior, to which Chris Anderson would appear to agree, however would awkwardly and uncomfortably continue and repeatedly discuss the topic in future one-on-one discussions despite Plaintiff's refusal to engage in, or perpetuate the discussion.

16. On 8/9/13, Plaintiff's wife, with the help of Mr. McKee, moved her belongings out of the dwelling shared with Plaintiff, and moved into the same building as Mr. McKee's girlfriend.

17. Plaintiff was terminated 8/16/13 with performance being cited as the cause.

18. Plaintiff was given divorce papers by his then-wife in early September 2013. Plaintiff's ex-wife began spending holidays and taking vacations with Mr. McKee and his girlfriend throughout the remainder of 2013 and continued through the summer of 2014 and until Mr. McKee's relationship with his girlfriend ended in late 2014. Within weeks of being terminated, and

4 of 7

prior to receiving divorce papers, Plaintiff was subjected to embarrassment and humiliation when the Defendant, Andy McKee, Plaintiff's wife, and co-workers published detailed photos of their boating trip in early September 2013, in which included photos of Plaintiff's wife not wearing her wedding ring placed on Andy McKee's leg, and Andy McKee's arm around her, and a co-worker whom had sent multiple harassing emails to Plaintiff during final months of employment.

19. After contacting a GA attorney in February 2014, Plaintiff was informed of how ADA laws applied to his disability for the first time, leading Plaintiff to file a charge of discrimination before the EEOC in February 2014.

20. Plaintiff alleges the Defendant's Director of Recycling, Silverio Colalancia, breached Plaintiff's email and deleted items related to Plaintiff's good job performance, and emails to Human Resources in regards to Plaintiff's disability in the spring/summer of 2013 during a recycling team meeting.

21. Plaintiff alleges Defendant used co-workers and management to manipulate Plaintiff's marriage and personal life by offering raises and promotions to employees that could assist the Defendant's efforts to rid the Plaintiff from employment. Plaintiff has in possession at least 9 harassing and disparaging emails from co-workers and management from January 2013 – August 2013.

22. Plaintiff purports multiple weight fluctuations of 40-65 lbs. during employment as a direct result of how Plaintiff had to adapt eating patterns in order to manage his disability as a result of intentional torture and discrimination by Defendant.

23. Plaintiff was forced to relocate from his solely owned residence in Nashville, TN, and relocate to Starkville, MS to live and heal with parents while leasing said Nashville, TN property to paying tenants. However, Plaintiff's ex-wife had been, and continued to, email/text Plaintiff's parents with disparaging remarks about Plaintiff's work performance in which had been sabotaged. Information that was shared with Plaintiff's parents by Plaintiff's ex-wife could have only been derived from Andy McKee. As a result, after relations with Plaintiff's parents grew more difficult, Plaintiff was forced to relocate to Denver, CO in December 2013.

24. Plaintiff's ex-wife, during the months after termination, divorce and relocation to Colorado, continued to send Plaintiff's parents false information regarding Plaintiff's job performance in which had been sabotaged by Chris Anderson. Plaintiff's ex-wife could have only learned this information from Andy McKee or Chris Anderson.

Description of Complaint

25. Plaintiff is currently estranged from his mother since January 2014, and estranged from his father since December 2014 due to Defendant's discriminatory actions.

26. In Plaintiff's divorce agreement, Plaintiff's ex-wife added and included a statute that states Plaintiff will not harass or interfere with her work environment. Plaintiff alleges this statute was added to divorce decree because Plaintiff's ex-wife feared retaliation for assisting the Defendant, either knowingly or unknowingly, in their discrimination, torture and subsequent termination of Plaintiff, and was possibly engaging in a sexual relationship with Andy McKee and his girlfriend. The Defendant, through Mr. McKee, was able to obtain personal information regarding Plaintiff's disability from Plaintiff's ex-wife in which was used to assist in Defendant's efforts to torture, discriminate, manipulate, sabotage and terminate Plaintiff.

27. Given the unique facts of this case, including but not limited to alleged performance sabotage, Plaintiff has firmly believed in the importance of demonstrating his ability to perform the job-functions as detailed in Defendant's description of work as "Senior Buyer".

28. Plaintiff alleges Defendant did not follow it's own policy and procedures in it's handling of information obtained from Plaintiff's meeting with HR on 4/26/13. Plaintiff alleges Defendant falsified dates of documents in which contained untrue statements in which Plaintiff was asked to sign. Plaintiff refused to sign falsified document presented to him on 5/16/13 in its response to the 4/26/13 meeting with HR.

29. Plaintiff is seeking relief in the form of economic damages totaling $285,250 plus back pay and incentives, compensatory damages totaling $10 million, punitive damages totaling $20 million, and liquidated damages equal to double the amount of back pay.

30. Plaintiff recommends punitive damages in the amount of $20 million, or a figure in line with similar cases in which contain an equal level of egregious intent by multiple and numerous very highly paid executives, managers and HR personnel.

31. Plaintiff alleges Defendant maliciously misrepresented facts and cited legal cases as defenses that do not fit the fundamental facts of Plaintiff's basic employment record.

32. Plaintiff quit the use of smokeless tobacco after 18 years of use in July 2011 in an effort to mitigate swallowing difficulties to no avail. Plaintiff began smoking 2 months later, attempted to quit multiple times, then finally quit for good in December 2013.

33. Within 2 months of termination, Plaintiff's weight lowered to 190 lbs. without any change to exercise or diet, and has since settled and remained at 185 lbs. as of February 2015.

1:15-CV-0409

Exhibit B

EEOC Notice of Right to Sue

**1:15-cv-0409**

EEOC Form 161-B (11/09)              U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Charles D. Langston, Jr.  
2839 West 34th Avenue  
Denver, CO 80211

From: Atlanta District Office  
100 Alabama Street, S.W.  
Suite 4R30  
Atlanta, GA 30303

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2014-00761 | Andre S. Taylor, Investigator | (404) 562-6829 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Bernice Williams-Kimbrough,  
District Director

*(Date Mailed)*

cc: Kenneth L. Dobkin, Senior Counsel  
NOVELIS INC  
3560 Lenox Road NE  
18th Floor  
Atlanta, GA 30326

1:15-cv-0409 

Exhibit C

EEOC Charge of Discrimination

EEOC FORM 131 (11/09)     **U.S. Equal Employment Opportunity Commission**

| | PERSON FILING CHARGE |
|---|---|
| Polina Zlatev<br>Human Resources Director<br>NOVELIS INC<br>3560 Lenox Road N E<br>18th Floor<br>Atlanta, GA 30326 | **Charles (Jay) D. Langston, Jr.**<br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**541-2014-00761** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Elouise Freeman<br>Intake Supervisor | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303**<br>**Fax: (404) 562-6905** |
|---|---|
| EEOC Representative | |
| Telephone **(404) 562-6876** | |

Enclosure(s): [ ] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [X] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: **Discharge, Accommodation, Terms/Conditions**

DATE(S) (on or about): EARLIEST: **07-15-2013**    LATEST: **08-16-2013**

**A perfected charge (EEOC Form 5) will be mailed to you once it has been received from the Charging Party.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **February 4, 2014** | **Nancy A. Sienko,**<br>**Director** | /s/ |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 541-2014-00761 |

**Georgia Commission On Equal Opportunity** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Charles (Jay) D. Langston, Jr. | (615) 651-3988 | 08-01-1980 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2839 West 34th Avenue | Denver, CO 80211 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NOVELIS INC | 500 or More | (404) 760-4000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3560 Lenox Road N E, 18th Floor | Atlanta, GA 30326 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-16-2013   Latest: 08-16-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began my employment with the above employer on December 8, 2010 as a Territory Manager. I am a person with a disability. During my employment, I requested and was denied a reasonable accommodation by Andy McKee, Manager. On August 16, 2013, I was discharged.

II. I was told by Mr. McKee that my discharge was due to unsatisfactory work performance.

III. I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 3-31-14
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

RECEIVED

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
APR 0 1 2014
EEOC-ATDO

EEOC FORM 131 (11/09)      **U.S. Equal Employment Opportunity Commission**

| | PERSON FILING CHARGE |
|---|---|
| Jacqueline Perez<br>Human Resource Generalist<br>NOVELIS INC<br>3560 Lenox Road N E<br>18th Floor<br>Atlanta, GA 30326 | Charles (Jay) D. Langston, Jr.<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**541-2014-00761** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **15-MAY-14** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **29-APR-14**
to    **Ward Richards, ADR Mediator (404) 562-6969**
email : ward.richards@eeoc.gov   fax : (404) 562-6974
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Daniel Nance,<br>Supervisory Investigator | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303<br>Fax: (404) 562-6905 |
|---|---|
| EEOC Representative | |
| Telephone    **(404) 562-6865** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [X] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

**See enclosed copy of charge of discrimination.**

**Please reply to the named Mediator whether or not you wish to mediate the instant Charge.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 15, 2014 | Bernice Williams-Kimbrough,<br>District Director | *Bernice W. Kimbrough* |